# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RON ROBINSON and ) | |
| NADIR QUADIR, ) | |
| ) | |
| Plaintiffs ) | CIVIL ACTION NO.: |
| ) | |
| v. ) | |
| ) | |
| JAVELIN LEARNING ) | |
| SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### I. NATURE OF THE CLAIMS

PLAINTIFFS RON ROBINSON and NADIR QUADIR ("PLAINTIFFS") assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") for unpaid overtime compensation, liquidated damages, pre-judgment and post-judgment interest, reasonable expenses of litigation and attorney's fees, on the grounds set forth below.

### II. JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b).

1

2. This Court has venue for all causes of action stated herein pursuant to 28 U.S.C § 1391(b)(2) as the acts alleged as a basis for the claims at issue took place within this Court's jurisdictional boundaries.

### III. PARTIES

3. PLAINTIFF ROBINSON is United States citizen who resides in Union City, Fulton County, Georgia.

4. PLAINTIFF QUADIR is United States citizen who resides in Marietta, Cobb County, Georgia.

5. DEFENDANT JAVELIN LEARNING SYSTEMS, INC. ("DEFENDANT") is a corporation doing business within this judicial district and is subject to the jurisdiction of this Court.

6. PLAINTIFFS are former employees of DEFENDANT who were denied proper overtime compensation during the relevant period of their employment.

7. DEFENDANT employed each PLAINTIFF as an employee and therefore DEFENDANT is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and is not exempt under the Act.

8. Throughout each PLAINTIFF'S employment, DEFENDANT had employees engaged in commerce and its annual gross volume of sales made was more than $500,000. Therefore, throughout each PLAINTIFF'S employment

DEFENDANT was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

9. Throughout PLAINTIFFS' employment, they were engaged in commerce and were employed by an enterprise engaged in commerce within the meaning of the FLSA and therefore PLAINTIFFS are expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

### IV. FACTUAL ALLEGATIONS

10. DEFENDANT operates schools that provide vocational training in medical-related and computer-related fields to students who enroll in its programs.

11. PLAINTIFF ROBINSON was employed by DEFENDANT as an admissions representative from about April 2010 to about May 2011 at DEFENDANT'S Marietta, Georgia location.

12. PLAINTIFF QUADIR was employed by DEFENDANT as an admissions representative from about May or June 2010 to about April 2011 at DEFENDANT'S Marietta, Georgia location.

13. Throughout PLAINTIFFS' employment, they were employed by DEFENDANT as admission representatives the primary duties of which involved responding to telephone and internet inquiries from prospective students, scheduling admissions appointments, and providing information in response to questions.

14. Throughout PLAINTIFFS' employment, they were paid at an hourly rate.

15. Throughout PLAINTIFFS' employment, they were classified as non-exempt employees for purposes of the FLSA.

16. Throughout PLAINTIFFS' employment, their primary duties conformed to a very specific standard of conduct that did not involve the exercise of discretion and independent judgment.

17. Throughout PLAINTIFFS' employment, their primary duties did not involve professional, administrative or managerial duties.

18. Throughout PLAINTIFFS' employment, they worked over forty (40) hours per week.

19. Throughout PLAINTIFFS' employment, DEFENDANT was aware of the extra hours PLAINTIFFS worked each week in excess of 40 hours: DEFENDANT and DEFENDANT'S managers observed PLAINTIFFS working each week in excess of 40 hours; and PLAINTIFFS informed DEFENDANT and DEFENDANT'S managers that PLAINTIFFS worked each week in excess of 40 hours

20. Throughout PLAINTIFFS' employment, DEFENDANT did not pay PLAINTIFFS overtime compensation for all the work PLAINTIFFS performed in

excess of 40 hours in a workweek at the rate of one and one-half times PLAINTIFFS' regular hourly rate.

21. PLAINTIFFS submitted time records to DEFENDANT of the actual hours they worked in a workweek, but those time records were adjusted by DEFENDANT to falsely reflect a lower amount of hours than PLAINTIFFS actually worked each workweek.

22. There were infrequent occasions, when PLAINTIFF ROBINSON received overtime compensation; however, when he was paid overtime on those infrequent occasions, the amount he was paid was far less than the amount he should have been paid.

23. There were infrequent occasions when DEFENDANT paid other admissions representatives overtime compensation; however, on those infrequent occasions when DEFENDANT paid other admissions representatives overtime compensation, the amount the admissions representatives were paid was far less than the amount they should have been paid.

24. On numerous occasions during PLAINTIFFS' employment, PLAINTIFFS complained to DEFENDANT that they were not being paid proper overtime compensation for all the work they performed in excess of 40 hours in a workweek at the rate of one and one-half times PLAINTIFFS' regular hourly rate. However, despite PLAINTIFFS' complaints to DEFENDANT about this improper

practice, DEFENDANT refused to correct the improper practice, and the improper practice continued with respect to PLAINTIFFS.

25. Throughout PLAINTIFFS' employment, there is no evidence that the conduct of DEFENDANT that gave rise to this action was in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

26. Throughout PLAINTIFFS' employment, DEFENDANT knowingly, intentionally and willfully violated the FLSA by failing to pay PLAINTIFFS the overtime compensation and other compensation to which they were entitled.

27. In or about 2011, DEFENDANT became affiliated with a company called MEDTECH.

## VI.  CLAIM

### *Count 1 – 29 U.S.C. § 207*
**(Overtime Compensation Due Under the FLSA)**

28. PLAINTIFFS re-allege paragraphs 1-27 above and incorporate them by reference as if fully set forth herein.

29. By engaging in the above-described conduct, DEFENDANT JAVELIN LEARNING SYSTEMS, INC. violated the FLSA with respect to PLAINTIFFS.

30. By engaging in the above-described conduct, DEFENDANT JAVELIN LEARNING SYSTEMS, INC. knowingly, intentionally and willfully violated the FLSA with respect to PLAINTIFFS.

31. Throughout the relevant period of this lawsuit, there is no evidence that the conduct of DEFENDANT JAVELIN LEARNING SYSTEMS, INC. that gave rise to this action was in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

32. As a direct and proximate result of the above-described conduct, PLAINTIFFS have lost wages.

33. Said violations give rise to claims for relief under the FLSA for PLAINTIFFS for past due overtime compensation for three years prior to the filing of this Complaint, prejudgment interest, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 201 *et seq*.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS respectfully pray that this Court do the following:

1. Issue a declaratory judgment that DEFENDANT JAVELIN LEARNING SYSTEMS, INC. has engaged in unlawful employment practices in violation of the FLSA with respect to PLAINTIFFS;

2. Require DEFENDANT JAVELIN LEARNING SYSTEMS, INC. pay PLAINTIFFS for past due overtime compensation calculated at one and one-half times the proper normal rate that PLAINTIFFS would have received but for

unlawful conduct going back three (3) years from the date this Complaint was filed;

    3.  Require DEFENDANT JAVELIN LEARNING SYSTEMS, INC. to pay PLAINTIFFS liquidated damages as provided for under the Fair Labor Standards Act, as well as applicable pre-judgment and post-judgment interest;

    4.  Award PLAINTIFFS their reasonable attorney's fees and costs and expenses of suit arising from DEFENDANT'S violations under the Fair Labor Standards Act;

    5.  Permit a trial by jury on all issues so triable; and

    6.  Provide such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFFS hereby demand a jury trial on all claims for which they have a right to a jury.**

    *s/ Alan H. Garber*
Alan H. Garber
Georgia Bar No. 283840
Marc N. Garber
Georgia Bar No. 283847
THE GARBER LAW FIRM, P.C.
Suite 14, 4994 Lower Roswell Road
Marietta, GA  30068
(678) 560-6685
(678) 560-5067 (facsimile)

**COUNSEL FOR PLAINTIFFS**